## CIRCUIT COURT OF THE CITY OF RICHMOND

Norman J. Smart

v.

Richfood, Inc.

February 24, 1986

Case No. LH-752

328

By JUDGE WILLARD I. WALKER

The stipulation of facts submitted by counsel adequately states the entire facts of the case and will be incorporated by reference into this opinion letter without repeating them herein.

As will be seen later, the factual statement sought by defense counsel and opposed by plaintiff's counsel is not essential, to wit: "Pursuant to that contract between M & M and Richfood, in accordance with the normal custom, the common carrier truck driver was responsible for the offloading of the truck."

Paraphrasing Code of Virginia § 65.1-29, when an owner undertakes to perform work which is part of his *normal or usual trade, business or occupation,* and *contracts* with a sub-contractor *for the performance by such subcontractor* of the whole or any part of the work undertaken by the owner, then such owner shall be liable to pay to any workman *employed in the work* any compensation under this act which such owner would have been liable

to pay if the workman had been immediately employed by him. Of course, as you know, under the provisions of Section 65.1-40, if an owner under this section becomes the "statutory employer" of an employee of a subcontractor and is liable to pay compensation benefits to that employee of a subcontractor, then that employee's sole remedy against the owner is compensation and he would be barred from bringing a third-party action; in other words, this court would not have jurisdiction to entertain a tort action under those circumstances.

In this case, the owner is Richfood, Inc., the defendant. The first question to ask is what is the normal or usual work, trade, business or occupation of Richfood, and I conclude on the stipulations that its normal or usual work, trade and occupation is the storing of food products in a warehouse, but also the shipment and transportation of those products from various locations into the warehouse, as well as the unloading process in connection therewith. It is critical that the court conclude that Richfood is not only in the business of warehousing and shipping out to its retail stores but also in the business of shipping in products to the warehouse. Counsel, I am sure, are aware of an earlier decision by this court involving Richfood where the court concluded that Richfood was not in the business of bringing the products into the warehouse and consequently activity in connection therewith was not part of its usual work, trade and occupation. *Lee Ivory Price v. Richfood, Inc.*, LD-950, May 11, 1981, Circuit Court of the City of Richmond.[2]

As counsel know, in the *Price* case the "backhaul" activity of Richfood, or importing, or bringing the goods into the warehouse, was found by me to be a *de minimis* part of its activity and, therefore, not part of its *usual* work, trade and occupation. Since I further concluded that the employee of the trucking company was making a final act of delivery at the time he was unloading the palletized materials from the truck, I found that the workmen's compensation plea was not a bar to the plaintiff's right to bring suit against Richfood. In contrast, in this case, the degree of activity of Richfood in terms of backhauling, or importing, or shipping goods into its warehouse is by no means *de minimis* and is in fact,

---

[2] This opinion is printed above at page 23 [Reporter's Note]

as I indicated to counsel early in the proceedings, part of the regular and usual work, trade and occupation of Richfood.

The second element under § 65.1-29 is the existence of a contract which subs out the whole or part of the work to someone else called a "subcontractor." In this case that is satisfied by a contract from Richfood to M & M and from M & M to Coldway Foods Express, Inc. (Coldway), the employer of the plaintiff, Smart. Therefore, I rule that the owner, Richfood, did contract to have a portion of its normal work, trade and occupation performed in part by Coldway via the contract with M & M.

The last question to be answered is whether or not the employee of Coldway, Smart, the plaintiff in this case, was a workman involved in the work. If by "in the work" we are referring to the unloading process, then the sentence on which the parties cannot come to agreement would be extremely relevant, or, at least, it could be; but, since the usual and normal work, trade and occupation of Richfood encompass the very shipping of the product itself, then Coldway and its employee, Smart, were at all times involved in that work, as that language is used in § 65.1-29. The fact that Smart was not actually involving himself in the physical unloading process at the time the injury occurred is not relevant.

Accordingly, I hold that Norman Smart, under the facts in this case as reflected in the stipulation, was a statutory employee of Richfood, Inc.; or, to phrase it in other words, was not a stranger to the business of Richfood, Inc.; that he would have been entitled to compensation from Richfood had he not received compensation from his own immediate employer; and that he is barred from bringing this common tort action against Richfood, Inc., pursuant to the provisions of § 65.1-40.

Inasmuch as this court has no jurisdiction over this case, the matter must be dismissed.